14-3134-cv
*Sik Gaek, Inc. v. Yogi's II, Inc.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of May, two thousand fifteen.

PRESENT:
>     RALPH K. WINTER,
>     CHESTER J. STRAUB,
>     SUSAN L. CARNEY,
>                    *Circuit Judges.*

_____

SIK GAEK, INC.,

>             *Plaintiff-Appellant*,

>             v.                                                    No. 14-3134-cv

YOGI'S II, INC. AND DANIEL KIM,

>             *Defendants-Appellees.**

_____

FOR PLAINTIFF-APPELLANT:          Michael S. Kimm and Sung H. Jang,
                                  Kimm Law Firm, Englewood Cliffs, NJ.

FOR DEFENDANT-APPELLEE
DANIEL KIM:                       Daniel Kim, *pro se*, Haworth, NJ.

---

* The Clerk of Court is respectfully directed to amend the official caption to conform with the above.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Ross, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the August 26, 2014 judgment of the District Court is **VACATED** in part and the cause is **REMANDED** for further proceedings.

Plaintiff-Appellant Sik Gaek, Inc. ("Sik Gaek") appeals from a judgment of the District Court entered following the court's grant of summary judgment in favor of Defendant-Appellee Daniel Kim. The judgment referred to Kim as "the only Defendant in the action," "dismiss[ed] the complaint against Defendant Daniel Kim in its entirety," and closed the case. It is clear that the District Court considered its order as disposing of all claims by all parties and intended to take no further action. However, Sik Gaek sued not only Kim but also Yogi's II, Inc. ("Yogi's"). Yogi's never appeared but, apparently because of unresolved questions regarding the validity of service, the District Court denied Sik Gaek's motion for a default judgment against Yogi's and reserved decision on the claims against Yogi's. *See* Opinion and Order adopting Magistrate's Mar. 8, 2011 Report and Recommendation, *Sik Gaek, Inc. v. Yogi's II, Inc.*, No. 10-cv-4077 (E.D.N.Y. Apr. 13, 2011). There is no indication on the docket that Sik Gaek dismissed Yogi's voluntarily, *see* Fed. R. Civ. P. 41(a)(1), or that the District Court dismissed Yogi's by court order, *see* Fed. R. Civ. P. 41(a)(2), before the case was closed. So that the court may resolve the status of Yogi's as a party, we vacate the judgment insofar as it closed the case, and remand the cause to the District Court.

* * *

The judgment of the District Court is **VACATED** in part and the cause is **REMANDED** for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

2